Masson, Peticionario, *v.* Campillo, Juez de la Corte de Distrito de San Juan, Demandado.

Recurso de *certiorari* interpuesto contra el Hon. Luis Campillo, Juez de la Corte de Distrito de San Juan, Sección Primera.

No. 279.—Resuelto en mayo 4, 1920.

Bienes Gananciales Bajo Sindicatura—Reclamación de Gananciales—Certiorari.—No procede que la Corte Suprema anule mediante recurso de *certiorari* la orden de una corte de distrito poniendo bajo sindicatura los bienes que alegó la demandante en un pleito sobre liquidación y reclamación de gananciales haber sido adquiridos durante su extinguido matrimonio con el demandado, en un caso como el presente en que el demandado no está libre de toda mancha en la administración de gananciales, pues después de disuelto el vínculo vendió y arrendó bienes gananciales sin hacer reserva de derecho alguno a favor de la que fué su esposa y sin haber manifestado siquiera su propósito de no disponer de los productos, interín se liquidara la sociedad.

Los hechos están expresados en la opinión.

Abogado del peticionario: Sr. F. Soto Gras.

Abogado del demandado: Sr. José de Guzmán Benítez.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En pleito de divorcio seguido ante la Corte de Distrito de San Juan, Sección Primera, por Carolina Wolkers contra Esteban Masson Dávila, dicha corte pronunció sentencia en 5 de septiembre de 1919 que quedó firme por no haberse

interpuesto contra ella recurso alguno, y subsiguientemente a la expresada sentencia la demandante, en 22 de diciembre del mismo año, radicó demanda en la misma corte sobre liquidación y reclamación de bienes gananciales.

Dichos bienes gananciales, según alegaciones de la demanda, que fué jurada, consistían en una finca rústica con cabida de 37 cuerdas, radicada en el barrio de "Hoyo Mulas" del municipio de Carolina, en una casa-quinta de recreo situada en las inmediaciones de dicho pueblo, en una plantación de cañas sembrada en la primera finca expresada, en una fábrica de hielo y confección de gaseosas, en 13 bonos de la corporación "Borinquen Sugar Company," en 36 acciones de la "Central Pasto Viejo," en 12 acciones de la "Central Juncos," en dos vacas de leche, con sus crías, y una novilla, en un automóvil de carga y en un tren de lavado.

En el pleito sobre liquidación y reclamación de bienes gananciales la demandante radicó moción en 21 de febrero de 1920 solicitando el nombramiento de un síndico que se hiciera cargo de los bienes ya especificados como gananciales, con excepción de los 13 bonos de la Borinquen Sugar Company, de las 36 acciones de la Central Pasto Viejo y de las 12 acciones de la Central Juncos, por haber sido vendidos esos bonos y acciones por el demandado durante su matrimonio con la demandante, y la corte, vistas las circunstancias del caso, en bien de la justicia y por razones de equidad, y con el fin de proteger los intereses de las partes y creyendo además que para hacerse cargo de los frutos y rentas y para la protección y seguridad de los bienes es necesario tomar absoluto control de los mismos, accedió a lo solicitado en resolución de 13 de marzo de 1920 y nombró a José Martínez Dávila síndico de las fincas, incluso las cosas que les sean anexas, muebles, útiles y accesorios pertenecientes a las mismas, así como de las rentas, productos y beneficios, con las facultades que expresa en dicha orden.

Contra la orden a que acabamos de hacer referencia ha acudido a esta Corte Suprema, Esteban Masson Dávila so-

licitando en 16 de marzo la expedición de un auto de *certiorari* dirigido al Juez de la Corte de Distrito de San Juan, Sección Primera, para que remitiera los autos originales, y el auto fué expedido con fecha 19 del propio marzo.

Alega el peticionario sustancialmente en apoyo de la solicitud de *certiorari* que la finca de 37 cuerdas, la quinta de recreo, y la fábrica de hielo y confección de gaseosas no están en su poder por haberlas dado en arrendamiento desde diciembre de 1919 a Ramón Rodríguez; que la plantación de cañas y el automóvil de carga son de la exclusiva propiedad del Rodríguez; que el nombramiento de síndico se hizo no obstante haber exigido que Carolina Wolkers presentara en corte abierta los testigos que firman los *affidavits* para confrontarse con ellos, lo cual le fué denegado; que los *affidavits* producidos no contienen prueba material o pertinente, y que el nombramiento de síndico no procedía tanto por los motivos expuestos cuanto por no haberse justificado la necesidad de tal nombramiento, porque la parte tenía otro remedio rápido, adecuado y eficaz para obtener los fines que pretendía, porque el derecho o interés de Carolina Wolkers era dudoso y no había sido aun determinado, y porque disuelta la sociedad de gananciales, en ausencia de fraude alegado y probado Masson Dávila tenía derecho a su administración durante la liquidación, de acuerdo con la ley y en beneficio de la sociedad conyugal misma.

De los autos originales y de las alegaciones de ambas partes ante esta Corte Suprema, resulta que las 37 cuerdas de terreno y la casa-quinta de recreo fueron adquiridas durante el matrimonio de Esteban Masson Dávila y Carolina Wolkers; que el esposo vendió las dos vacas con su cría y la novilla, a Francisco Torres Pacheco en 20 de noviembre de 1919, disuelto ya el vínculo matrimonial y que por escritura de 29 de diciembre del mismo año, después de la sentencia de divorcio, Esteban Masson Dávila y Ramón Rodríguez ratificaron un contrato verbal de arrendamiento que ambos expresaron haber celebrado en 1º. de mayo de 1919

con relación a la finca de 37 cuerdas y a la casa-quinta de recreo, siendo extensivo el contrato a la fábrica de hielo y gaseosas, fijándose como duración del mismo el término de tres años a vencer en 1º. de mayo de 1922 y estipulándose como precio total del arrendameinto la suma de $150 que el arrendatario había de pagar al arrendador por mensualidades vencidas de $150.

La sociedad de gananciales de los esposos Masson Dávila y Carolina Wolkers concluyó al disolverse mediante divorcio el matrimonio de ambos, con sujeción al artículo 1330 del Código Civil, y todos los bienes adquiridos durante el matrimonio deben reputarse gananciales y pertenecen por tanto presuntivamente a la sociedad legal constituída por dichos consortes, según los artículos 1316 y 1322 del Código citado.

Masson Dávila, aun en el supuesto de que le asistiera derecho para seguir administrando la sociedad de gananciales después de disuelta, como así alega sin demostración alguna, no aparece libre de mancha en esa administración, que de hecho ha tenido a su cargo, pues vendió el ganado a Francisco Torres Pacheco y arrendó la finca rústica, la quinta de recreo y la fábrica de hielo y confección de gaseosas a Ramón Rodríguez en beneficio propio, sin reserva de derecho alguno a favor de Carolina Wolkers y sin haber manifestado su propósito de reservar los productos o rentas sin disponer de ellos para cuando se liquidara la sociedad de gananciales.

Habiendo como hay un pleito pendiente entre socios, como lo son Esteban Masson Dávila y Carolina Wolkers, interesados igualmente en la liquidación de la sociedad de gananciales por ellos constituída y ya disuelta, no es justo ni equitativo que uno de los socios posea los bienes de esa sociedad aprovechándose de sus productos con perjuicio del otro, cuando esos productos pertenecen presuntivamente a ambos socios, así como los bienes de que proceden.

De todos modos, no siendo el recurso de *certiorari* de

procedencia obligatoria, y estando la corte investida de discreción judicial para concederlo o rehusarlo según lo requiera la justicia en cada caso, nos decidimos a rehusarlo en el presente por estimar que así quedan mejor servidos los intereses de la equidad y de la justicia.

Por las razones expuestas procede desestimar la solicitud de *certiorari,* anular el auto expedido y devolver el pleito original a la Corte de Distrito de San Juan, Sección Primera, a los fines procedentes.

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.